**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Andrii Pryimachenko, an individual,<br><br>Plaintiff,<br><br>    v.<br><br>Home Box Office, Inc., a New York corporation; Sky UK Limited, a United Kingdom limited company; and DOES 1-10,<br><br>Defendants. | Case No.: 1:23-cv-10034-LAK-RWL<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>1. COPYRIGHT INFRINGEMENT;<br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT;<br>3. VIOLATION OF THE DIGITAL MILLENIUM COPYRIGHT ACT (17 U.S.C. §1202)<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Andrii Pryimachenko, by and through his undersigned counsel, hereby prays to this honorable Court for relief.

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff, Andrii Pryimachenko is an individual residing in Ukraine.

5. Pryimachenko is informed and believes and thereon alleges that Defendant Home Box Office, Inc. ("HBO"), is a New York corporation with its principal place of business located at 30 Hudson Yards, New York, New York.

6. Pryimachenko is informed and believes and thereon alleges that Defendant Sky UK Limited ("Sky"), is a United Kingdom limited company and is doing business in and with this district, including through its affiliation with HBO.

7. Defendants Does 1 through 10, inclusive, are other parties who have infringed Pryimachenko's copyright, have contributed to the infringement of Pryimachenko's copyright, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Pryimachenko, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8. Pryimachenko is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope

of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Pryimachenko's rights and the damages proximately caused thereby.

## CLAIMS RELATED TO SUBJECT VIDEO

9. Pryimachenko is an accomplished professional artist working in script development, video shooting, and video editing who has worked with such notable organizations as the United Nations, UNICEF, and the Ministry of Information Policy of Ukraine.

10. Prior to the acts complained of herein, Pryimachenko created an original audiovisual artwork of a stylized video text read-out of a phone call between a firefighter HQ in a fire department responding to the 1986 nuclear disaster at the Chernobyl nuclear power plant ("Subject Video"). A true and correct screen capture of the Subject Video is depicted below:



**Subject Video**

11. All of the visual elements of the Subject Video are original and creative contributions by Pryimachenko. The only preexisting element of the Subject Video is the audio of the phone call depicted; Pryimachenko created the visualization himself, choosing and creating the presentation of a stylized digital terminal display reading out the phone call in real-time in red and black to accentuate the horror of the incident described in the call. The text is further styled to appear gradually with a "burn-in" effect, and the video is stylized to have the effect of intermittent electronic interference. None of these visual elements arise from the factual audio itself, which was not visualized prior to the creation of the Subject Video. He also selected and arranged these elements to create the final work.

12. Prior to the acts complained of herein, Pryimachenko widely publicly displayed and disseminated the Subject Video, including by posting same to his studio's YouTube channel on March 18, 2013, which currently has 8.7 million views.

13. The Subject Video was first published abroad in Ukraine, as it was first publicly offered for sale or license in Ukraine in 2016 to the company PJSC Telaradiocompany Lux, which is based in Lviv, Ukraine. The Subject Video is thus not a United States as defined under the Berne Convention work and is exempt from the registration requirements set out in 17 U.S.C. § 411(a).

14. Pryimachenko registered the Subject Video with the Ukrainian Copyright Office, not the United States Copyright Office.

15. Pryimachenko is informed and believes and thereon alleges that following his distribution and display of the Subject Video, HBO, Doe Defendants, and each of them used the Subject Video without Plaintiff's authorization for commercial purposes in various ways, including, but not limited to, copying, reproducing, publicly displaying, distributing, and/or creating derivative works of the Subject Video in HBO and Sky's TV mini-series *Chernobyl* and in advertising and promotional videos for same ("Accused Uses"). The Accused Uses took place in the United States and beyond. Exemplars of the Accused he Uses are set forth in **Exhibit 1** attached hereto. These exemplars are not meant to encompass all Accused Uses; the

claims made herein are as to any video displayed, published, licensed, distributed and/or sold by Defendants, and/or each of them, that incorporate without permission, in whole or in part, the Subject Video.

16. On information and belief, *Chernobyl* has become one of HBO and Sky's most critically and commercially successful projects of all time. Receiving myriad awards and recognitions and being viewed by over 50% of all HBO subscribers and amassing more than 8 million viewers in its first year alone.

17. A comparison of the Subject Video with the Accused Uses reveals that the elements, composition, colors, arrangement, subject, lighting, angle, sound, and overall appearance of the videos are identical or at least substantially similar.

18. Defendants' copying is further evidenced by a translation error made by Pryimachenko in the Subject Video being exactly reproduced in the Accused Uses, as seen below:



**Translation Error Reproduced in Accused Uses**

'CHERNOBYL', EPISODE 1 HBO, 2019

'THE SCARIEST PHONE CALL OF THE 20TH CENTURY' ANDRII PRYIMACHENKO, 2013

HAW COCTAB = NASH SOSTAV (incorrect translation of "our crew"; the correct word should have been "nachsostav," which means "officers crew")
Cyrillic Script (Slavonic/Slavic script)

19. On information and belief, Pryimachenko alleges that Defendants, along with Doe Defendants, were involved in creating and/or developing the Accused Uses, and/or supplying,

5

marketing, distributing, and otherwise providing the Accused Uses to third parties, including, without limitation, the public.

20. Pryimachenko at no time authorized Defendants, or any of them, to use the Subject Video as complained of herein.

21. On information and belief, it is alleged that HBO had substantial involvement in approving, selecting, moderating, and/or modifying Pryimachenko's video, and making said work available and accessible to its customers and viewers, and that HBO financially benefitted from its infringement of Pryimachenko's copyrights.

22. Pryimachenko has repeatedly notified Defendants that their exploitation of the Subject Video infringes upon his exclusive rights under Copyright and attempted to seek an amicable resolution to this matter. HBO and Sky have failed to reach an amicable resolution with Pryimachenko, necessitating this action.

23. Any statute of limitations applicable to the claims asserted herein should be tolled as a result of the ongoing war in Ukraine—where Pryimachenko resides.

## FIRST CLAIM FOR RELIEF

**(Copyright Infringement - Against All Defendants, and Each)**

24. Pryimachenko repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

25. Defendants, and each of them, had access to the Subject Video, including, without limitation, through viewing the Subject Video on Pryimachenko's websites, social media accounts, and the internet.

26. Access is further evidenced by the virtually identical nature of the Subject Video and the Accused Uses, including the exact same translation error made by Pryimachenko in Subject Video being exactly reproduced in the Accused Uses.

27. Defendants, and each of them, infringed Pryimachenko's copyright by copying, publishing, distributing, and displaying the Subject Video to the public, including without

limitation, on the website set forth in **Exhibit 1**, without Pryimachenko's authorization or consent.

28.  Due to Defendants', and each of their, acts of infringement, Pryimachenko has suffered general and special damages in an amount to be established at trial.

29.  Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Pryimachenko's rights in the Subject Video. As such, Pryimachenko is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Subject Video in an amount to be established at trial.

## SECOND CLAIM FOR RELIEF

**(Vicarious and/or Contributory Copyright Infringement - Against All Defendants, and Each)**

30.  Pryimachenko realleges and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

31.  Pryimachenko is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Video as alleged herein. Such conduct included, without limitation, publishing the Subject Video obtained from third parties that Defendants knew, or should have known, were not authorized to publish the Subject Video.

32.  Pryimachenko is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, received revenue in connection with the aforementioned website listings that incorporated the unauthorized copies of the Subject Video, and were able to supervise the publication of said posts.

33. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Pryimachenko has suffered and will continue to suffer substantial damages to their business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

34. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Pryimachenko's rights in the Subject Video. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of their rights in the Subject Video, in an amount to be established at trial.

### THIRD CLAIM FOR RELIEF

**(Violation of 17 U.S.C. 1202 - Against All Defendants, and Each)**

35. Pryimachenko realleges and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

36. The Subject Video was routinely published with attribution, credit, and other copyright management information identifying Pryimachenko as the author. For example, as depicted in the Subject Video image in Paragraph 10, supra, Plaintiff included his name and title with the work:




37. Pryimachenko alleges on information and belief that Defendants, and each of them, removed Pryimachenko's copyright management information, as described above, from the Subject Video, and added false copyright management information to the Subject Video, before distributing and publishing same.

38. Pryimachenko alleges on information and belief that Defendants, and each of them, distributed and published the Subject Video via its mini-series *Chernobyl* and promotional materials, under HBO's own name, and removing Pryimachenko's attribution information, including without limitation his name and/or metadata.

39. Pryimachenko alleges on information and belief that HBO advertised its website and series using the Subject Video and in doing so displayed the Subject Video with false copyright management information.

40. The aforementioned facts constitute "copyright management information" as that phrase is defined in 17 U.S.C. § 1202(c) and is false.

41. When Defendants published the Subject Video, they knowingly provided and/or distributed false CMI in violation of 17 U.S.C. § 1202(a), and did so in order to induce, enable, facilitate, or conceal infringement.

42. When Defendants published the Subject Video, they removed Pryimachenko's copyright management information from the Subject Video knowing or having reason to know that such removal would induce, enable, facilitate, or conceal and infringement in violation of 17 U.S.C. § 1202(b), as set forth above.

43. As a result of the foregoing, Pryimachenko has been damaged and may recover those damages as well as Defendants' profits, and/or statutory damages, and attorneys' fees under 17 U.S.C. § 1203.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

### Against all Defendants, and Each:

<u>With Respect to Each Claim for Relief:</u>

a. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiff's copyright in the Subject Video, including, without limitation, an order requiring Defendants, and each of them, to remove

the Subject Video from their respective websites, catalogs, marketing and advertisement materials.

  b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and/or, to the extent available, statutory damages as available under 17 U.S.C. § 1203, and other applicable law.

  c. That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Plaintiff's intellectual property rights;

  d. That Plaintiff be awarded his attorneys' fees as available under the Copyright Act U.S.C. §§ 505, 1203, *et seq.*;

  e. That Plaintiff be awarded his costs and fees under the statutes set forth above;

  f. That Plaintiff be awarded statutory damages and/or penalties under the statues set forth above;

  g. That Plaintiff be awarded pre-judgment interest as allowed by law;

  h. That Plaintiff be awarded the costs of this action; and

  i. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury in this action of all issues so triable.

Dated: January 8, 2024         Respectfully submitted,

                DONIGER / BURROUGHS

              By: _____
                Scott Alan Burroughs, Esq.
                David M.S. Jenkins, Esq.

247 Water Street, First Floor
New York, New York 10038
(310) 590-1820
scott@donigerlawfirm.com
djenkins@donigerlawfirm.com
*Attorneys for Plaintiff*