

**Davis Wright Tremaine LLP**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/12/2024

21st Floor
1251 Avenue of the Americas
New York, NY 10020-1104

Carl Mazurek
(212) 402-4069 tel
(212) 489-8340 fax

carlmazurek@dwt.com

January 12, 2024

**VIA ECF**

Hon. Robert W. Lehrburger
United States Courthouse
Southern District of New York
500 Pearl Street, Room 1960
New York, NY 10007

> Application granted in part. The date for the parties to file the materials currently due on January 16, 2023 is adjourned sine die. The telephonic conference on January 23, 2024 will go forward so that the Court may discuss the case with the parties. Discovery is stayed at least until and through the scheduled conference.
>
> SO ORDERED:
>
> 1/12/2024
>
> HON. ROBERT W. LEHRBURGER
> UNITED STATES MAGISTRATE JUDGE

Re:   *Pryimachenko v. Home Box Office, Inc., et al.* (Case No. 1:23-cv-10034)

Dear Judge Lehrburger,

    We represent Defendant Home Box Office, Inc. ("HBO") in the above-captioned action. Pursuant to Rule III.B of Your Honor's Individual Practices in Civil Cases, we write to respectfully request that the Court enter a stay of discovery in this matter pending resolution of HBO's anticipated motion to dismiss Plaintiff Adrii Pryimachenko's ("Plaintiff") First Amended Complaint. HBO also respectfully asks that the Court adjourn the January 16, 2024 deadline for the parties to file a joint letter and proposed Case Management Plan, and adjourn the initial scheduling conference set for January 23, 2024, until after the Court has resolved HBO's motion to dismiss. Plaintiff agrees to all of these requests, and this is the first time such relief has been sought.

    "Upon a showing of good cause[,] a district court has considerable discretion to stay discovery pursuant to Rule 26(c)." *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) (citation and alterations omitted); *see also Arungwa v. Brennan et al.*, No. 1:17-cv-09586-GHW, Dkt. 26 (S.D.N.Y. 2018) (granting letter motion for stay of discovery until resolution of defendant's motion to dismiss). Here, a stay would not prejudice any party: not only has Plaintiff consented to the stay, but it would serve the interest of efficiency because it would allow the parties to avoid expending substantial resources on discovery prior to the Court's resolution of HBO's motion to dismiss.

    We thank the Court for its consideration of this submission.

Respectfully,

DAVIS WRIGHT TREMAINE LLP
*/s/ Carl Mazurek*
Carl Mazurek

Copy to:  All counsel via ECF

4875-7532-9180v.1 3960026-000019